**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4268**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RASHEM SANTA PERRY,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:17-cr-00009-D-1)

Submitted:  January 3, 2019                    Decided:  January 11, 2019

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashem Santa Perry appeals his conviction and 120-month sentence, imposed after his guilty plea, pursuant to a plea agreement, to possession of firearms by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Perry's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the sentence is reasonable. Perry did not file a supplemental brief. We affirm.

Perry did not attempt to withdraw his guilty plea in the district court, and, thus, we review the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, an appellant "must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Heyer*, 740 F.3d 284, 290 (4th Cir. 2014). In the guilty plea context, a defendant can establish that an error affected his substantial rights by showing a reasonable probability that, but for the error, he would not have plead guilty. *Sanya*, 774 F.3d at 816. Because we detect no reversible error in the district court's Rule 11 plea colloquy, we affirm Perry's conviction.

We review Perry's sentence for both procedural and substantive reasonableness "under a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C] § 3553(a) factors, . . . or failing to adequately

2

explain the chosen sentence[.]" *Id.* at 51; *see* 18 U.S.C. § 3553(a)(2016). If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is reasonable, and a defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we find no error in the district court's imposition of Perry's sentence. The district court properly calculated the advisory Sentencing Guidelines range and sufficiently explained its reasons for imposing the sentence Perry received. Furthermore, Perry has not made the showing necessary to rebut the presumption of reasonableness that we afford his within-Guidelines range sentence.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Perry's conviction and sentence. This court requires that counsel inform Perry, in writing, of the right to petition the Supreme Court of the United States for further review. If Perry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*